[Cite as *Adena v. Cohen*, 2026-Ohio-2587.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ROSS COUNTY

| | | |
|---|---|---|
| Adena Health System,<br>Adena Medical Group, LLC, | : | Case No. 23CA24 |
| | : | |
| Plaintiffs-Appellees, | : | |
| | : | |
| v. | : | DECISION AND JUDGMENT<br>ENTRY |
| | : | |
| Brian S. Cohen, M.D., et al., | : | |
| | : | |
| Defendants-Counterclaim<br>Plaintiffs-Third Party<br>Complainants-Appellants, | : | |
| | : | |
| v. | : | |
| | : | **RELEASED: 06/30/2026** |
| Jeffrey J. Graham, et al., | : | |
| | : | |
| Third-Party Defendants-<br>Appellees. | : | |

---

APPEARANCES:

Jeffrey A. Lipps, Jennifer A. L. Battle, and David A. Beck, Carpenter Lipps LLP, Columbus, Ohio, for appellants.

Robert G. Cohen, Robert G. Schuler, and Loriann E. Fuhrer, Kegler, Brown, Hill & Ritter Co., L.P.A., Columbus, Ohio, for appellees.

---

Wilkin, J.

{¶1} This appeal arises from a judgment by the Ross County Court of Common Pleas, which found Doctors Brian S. Cohen, J. Troy Thompson, and Aaron Roberts ("Doctors") engaged in frivolous conduct and imposed sanctions. The Doctors challenge the trial court's findings, arguing that (1) their federal antitrust and malicious prosecution counterclaims did not constitute frivolous conduct under R.C. 2323.51(A)(2)(a)(ii), and (2) the court erred in ordering them

to pay $87,329.25 to Adena Health System / Adena Medical Group LLC ("Adena") as a sanction. Upon reviewing the record and submissions, we find the trial court erred in its frivolous conduct determination, leading us to sustain the Doctors' assignments of error and vacate the judgment.

FACTS AND PROCEDURAL BACKGROUND

{¶2} In February 2000, Dr. Cohen entered into an employment agreement with Adena at their Bone and Joint Group medical facility in Ross County. In 2010, Dr. Roberts and Dr. Thompson began their employment with Adena, also at the Bone and Joint Group medical facility, signing similar physician employment agreements. The employment agreements were amended over the years, with the newest amendments including non-compete and non-solicitation provisions. The non-compete provision mandated that the Doctors not practice in Ross County and any adjacent county for one year after the termination of their employment.

{¶3} The Doctors became dissatisfied with the appointment of Jeff J. Graham as the new Chief Executive Officer ("CEO"), the implementation of new policies, and Dr. Cohen's demotion as medical director, among other changes. The Doctors felt that the changes were not for the benefit of the patients. The Doctors vocalized their unhappiness with the changes. This culminated with the Doctors submitting their resignation on March 15, 2021, with a 120-day notice as required by their employment agreements.

{¶4} Prior to their 120-day notice period ending, the Doctors were

terminated on April 12, 2021, effective immediately.  Dr. Cohen was at the medical facility when he was notified of his employment termination and was escorted out.  On the same day, Adena filed a complaint with five separate claims against the Doctors.  The first and second claims alleged breach of contract and breach of loyalty, claiming, among other allegations, that the Doctors violated their employment agreements by soliciting, contacting and/or inducing other employees to leave Adena and joining a competitor.  The third claim was tortious interference, alleging, among other violations, that the Doctors solicited other Adena employees to leave and interfered with Adena's relationship with its staff.  The fourth claim alleged violation of Adena's confidential information and trade secrets.  The final claim was civil conspiracy alleging, among other violations, that the Doctors engaged in malicious conduct to injure Adena.

{¶5} The Doctors answered the complaint and filed a counterclaim alleging 14 claims against Adena.  Of relevance here, the second counterclaim alleged wrongful termination/retaliation; the third claim requested declaratory judgment that the non-compete and non-solicitation provisions were unenforceable; the fourth claim alleged antitrust violation of the federal law against monopolies; the fifth and sixth claims alleged business defamation and slander, respectively; the seventh claim alleged tortious interference with business; the twelfth claim alleged frivolous litigation; and the thirteenth claim alleged malicious prosecution.

{¶6} The Doctors also filed a motion for judgment on the pleadings

requesting dismissal of all of Adena's five claims as they failed to state a claim upon which relief could be granted. Adena opposed the Doctors' motion, and the trial court summarily denied the Doctors' motion on November 17, 2021.

{¶7} Adena moved for judgment on the pleadings on the antitrust and malicious prosecution counterclaims, asserting that the state trial court lacked jurisdiction over the federal antitrust claim and that malicious prosecution requires termination of a prior action in the claimant's favor. The Doctors opposed, citing authorities supporting state court's jurisdiction of federal counterclaims and proposing sequencing for the malicious prosecution element of termination of the case in the Doctors' favor. The first assigned trial judge on the case verbally denied Adena's motion at a September 30, 2021, telephonic status conference, with the docket entry issued in March 2022.

{¶8} On December 6, 2021, Adena's attorneys sent the Doctors' attorneys a letter requesting that the antitrust and malicious prosecution counterclaims be withdrawn pursuant to Rule 11 and R.C. 2323.51. Because the trial court had recently rejected Adena's motion for judgment on the pleadings with regard to these two claims, the Doctors "did not respond to the letter."

{¶9} The parties continued discovery consistent with the trial court's ruling. With the trial date approaching, Adena filed a writ of prohibition with the Supreme Court of Ohio requesting an order to prohibit the trial judge and the Ross County Court of Common Pleas from continuing to exercise subject matter jurisdiction over the federal antitrust claim and an order of mandamus directing the trial judge to dismiss such claim. Prior to a ruling from the Supreme Court, the trial

judge voluntarily resigned from the common pleas case and the Supreme Court assigned a new trial judge to take the place of the first assigned judge.[1] After reviewing the case documents, the newly appointed trial judge revisited Adena's motion for judgment on the pleadings as to the Doctors' antitrust violation and malicious prosecutions counterclaims.

{¶10} On November 1, 2022, the trial court issued a new judgment entry granting Adena's motion for judgment on the pleadings as to these two counterclaims. In granting Adena's motion, the trial court noted that the Doctors' antitrust violations counterclaim solely alleges violations of the Sherman and Clayton federal antitrust acts, and do not allege any State of Ohio antitrust claims. Further, that the Doctors are requesting affirmative relief in their federal antitrust violations counterclaim, which is the exclusive jurisdiction of the federal courts. Therefore, the trial court dismissed the antitrust violations counterclaim without prejudice.

{¶11} Similarly, the trial court dismissed without prejudice the Doctors' malicious prosecution counterclaim, concluding that the Doctors failed to meet the elements of a prior lawsuit between the parties, and, additionally, the case is still pending; thus, there has not been a resolution in favor of the Doctors.

{¶12} On December 1, 2022, Adena filed a motion requesting an order for the Doctors to pay court costs, attorney fees, and other reasonable expenses associated with Adena's response/defense of the frivolous filing of the federal antitrust violation and malicious prosecution counterclaims. Adena maintained

---

[1] As a result of the first trial judge voluntarily resigning from the case, the prohibition and mandamus actions were dismissed.

that the Doctors' filings of these counterclaims were frivolous pursuant to R.C. 2323.51, which warranted financial sanctions.  The Doctors disagreed, and a hearing on the frivolous conduct and sanctions motion was held on July 10, 2023.

{¶13} Three law practicing experts testified—two on behalf of Adena and one on behalf of the Doctors—and each party introduced several exhibits into evidence.  Adena's first expert witness was their attorney, Robert Cohen. Attorney Cohen testified that the sanctions motion was based on the Doctors' frivolous federal antitrust and malicious prosecution counterclaims, seeking $375,746.67 for related fees and expenses.  He testified that the claims were improperly pursued in state court despite exclusive federal jurisdiction and detailed the costs incurred, including expert fees and legal expenses that Adena incurred responding/defending against these claims.  Attorney Cohen emphasized that the frivolous conduct continued after the Doctors were informed of jurisdictional issues.

{¶14} Adena also called to testify attorney and expert witness, Jeff Ireland. Attorney Ireland testified on the reasonableness of Adena's attorney fees and expert fees, concluding they were consistent with market rates.  Attorney Ireland did not opine on the substantive content of the case but rather focused solely on fee assessments.

{¶15} The Doctors called attorney and expert witness, John Coughlan. Attorney Coughlan, the former Ohio Disciplinary Counsel with extensive experience in professional responsibility, testified on the reasonableness of

attorney fees and conduct in the sanctions hearing. He offered no opinion on the merits of the antitrust violation claim but testified that after the denial of a judgment on the pleadings, the Doctors' counsel had a duty under Prof.Code.R. 1.3 to prosecute the counterclaim.

{¶16} The trial court took the matter under advisement, and on September 22, 2023, issued its decision finding the Doctors' filing of the two counterclaims was frivolous conduct. In reaching this decision, the trial court held that the Doctors' antitrust violations counterclaim can only be brought in federal court. The trial court disagreed with the Doctors' argument that there is a distinction of the claim being a counterclaim as opposed to in a complaint, and also rejected the Doctors' argument of the application of Ohio's compulsory counterclaim. The trial court held that the federal antitrust claim cannot be brought in a state court forum. Finally, the trial court also expressed skepticism that the Doctors asserted the claim in good faith as an effort to extend existing law, citing their failure to appeal the November 2022 entry dismissing the antitrust counterclaim without prejudice.

{¶17} As to the malicious prosecution counterclaim, the trial court held that the Doctors' inclusion of this counterclaim was frivolous conduct because the elements cannot be met. The Doctors cannot demonstrate a favorable termination of an earlier lawsuit in their favor. Additionally, the trial court rejected the Doctors' argument that this counterclaim can be bifurcated and submitted to the jury after a finding in their favor. The trial court rejected this argument because the Doctors did not file a motion to bifurcate the malicious prosecution

claim.  Finally, the Doctors continued to proceed with this claim even after they "were put on notice early on that their malicious prosecution claim was deficient and needed to be dismissed."

{¶18} Moreover, the trial court also found that the Doctors' frivolous conduct adversely affected Adena and awarded Adena $87,329.25 in reasonable expenses.  It is from this judgment entry that the Doctors are appealing.

## ASSIGNMENTS OF ERROR

I.      The trial court erred when it found in favor of Plaintiffs Adena Health System and Adena Medical Group, LLC on their Motion Seeking an Award from Defendants Pursuant to Ohio Revised Code Section 2323.51.

II.     The trial court erred when it ordered that the Doctors pay Plaintiffs Adena Health System and Adena Medical Group, LLC $87,329.25 as a sanction for frivolous conduct.

## FIRST ASSIGNMENT OF ERROR

{¶19} The Doctors maintain that the trial court erred in concluding that they committed frivolous conduct when they included in their counterclaim the federal antitrust violations claim and the malicious prosecution claim.  With regard to the federal antitrust violations claim, the Doctors present arguments challenging the trial court's finding of frivolous conduct.  The Doctors disagree with the trial court's finding that the federal antitrust violations claim can only be raised in federal court, and contend that being a counterclaim, both federal and state courts have concurrent jurisdiction.  The Doctors also challenge the trial court's conclusion that it is absolutely clear that no reasonable lawyer would have included the issue in the counterclaim, especially when here, two judges came to different conclusions.  The initial judge on the case denied Adena's motion for

judgment on the pleadings as to these two claims but the second judge granted Adena's motion and dismissed the claims without prejudice.

{¶20} Additionally, the Doctors assert that they included the claims to preserve their rights pursuant to the compulsory counterclaim requirements in Civ.R. 13, and their attorneys must diligently represent them and preserve any potential claim they have a right to assert.  Therefore, after Adena's motion for judgment on the pleadings was initially denied, it would not have been effective representation for the Doctors' attorneys to have withdrawn their claims.  Finally, the Doctors also disagree with the trial court's determination that the Doctors did not have good faith basis to present the antitrust violations claim for an extension of existing law simply because the Doctors did not appeal the decision granting Adena's motion for judgment on the pleadings.

{¶21} With regard to the Doctors' malicious prosecution claim, they acknowledge the requirement that one of the elements of the claim is for Adena's claims to be terminated in the Doctors' favor.  The Doctors maintain that this did not prevent them from raising the claim now, where bifurcating this claim is an option for the court.  The Doctors assert that there is no specific sequence of filings that was required or violated here to warrant a finding of frivolous conduct.

{¶22} Adena, on the other hand, contends that the trial court did not err in finding the Doctors' conduct of including the federal antitrust violations and malicious prosecution claims as frivolous.  Adena disagrees with the Doctors' assertion that the trial court had any jurisdiction over the federal claim, even when presented as a counterclaim, and the malicious prosecution cannot be

presented unless the alleged proceedings that are malicious terminated in the Doctors' favor. Adena maintains that the law is clear on both, and no reasonable attorney would have included them in the counterclaim.

{¶23} In response, the Doctors reiterate that presenting the antitrust violations claim as a compulsory counterclaim did not divest the state court of jurisdiction, and the malicious prosecution claim could proceed and not be presented to the jury until after a resolution in the Doctors' favor. Moreover, the Doctors assert that where reasonable minds can disagree, the conduct is not so egregious as to warrant a finding of frivolous conduct.

Law and analysis

A. Standard of review

{¶24} The legislature enacted R.C. 2323.51, titled "frivolous conduct in filing civil claims," in which it defined conduct as:

> The filing of a civil action, the assertion of a claim, defense, or other position in connection with a civil action, the filing of a pleading, motion, or other paper in a civil action, including, but not limited to, a motion or paper filed for discovery purposes, or the taking of any other action in connection with a civil action[.]

R.C. 2323.51(A)(1)(a).

And "frivolous conduct", as is relevant here, is defined as:

> Conduct of an inmate or other party to a civil action, of an inmate who has filed an appeal of the type described in division (A)(1)(b) of this section, or of the inmate's or other party's counsel of record that satisfies any of the following:
> (i) It obviously serves merely to harass or maliciously injure another party to the civil action or appeal or is for another improper purpose, including, but not limited to, causing unnecessary delay or a needless increase in the cost of litigation.
> (ii) It is not warranted under existing law, cannot be supported by a good faith argument for an extension, modification, or reversal of

existing law, or cannot be supported by a good faith argument for the establishment of new law.

(iii) The conduct consists of allegations or other factual contentions that have no evidentiary support or, if specifically so identified, are not likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

(iv) The conduct consists of denials or factual contentions that are not warranted by the evidence or, if specifically so identified, are not reasonably based on a lack of information or belief.

R.C. 2323.51(A)(2)(a).

**{¶25}** And

[a] motion for sanctions brought under R.C. 2323.51 requires a three-step analysis by the trial court. The trial court must determine (1) whether the party engaged in frivolous conduct, (2) if the conduct was frivolous, whether any party was adversely affected by it, and (3) if an award is to be made, the amount of the award. *Bear v. Troyer*, 5th Dist. Guernsey Nos. 15 CA 17, 15 CA 24, 2016-Ohio-3363, 2016 WL 3219711, ¶ 55. The presence of one of the following factors supports a finding of frivolous conduct under R.C. 2323.51(A)(2)(a)[.]

*Almasoodi v. J. Harris Constr., Inc.*, 2023-Ohio-895, ¶ 55 (5th Dist.).

**{¶26}** As a reviewing court, there are two standards that apply to the trial court's determination of frivolous conduct pursuant to R.C. 2323.51:

When the question regarding what constitutes frivolous conduct calls for a legal determination, such as whether a claim is warranted under existing law, an appellate court is to review the frivolous conduct determination de novo, without deference to the trial court's decision. *Natl. Check Bur. v. Patel,* 2005-Ohio-6679, 2005 WL 3454694, ¶ 10 (2d Dist.).

"In contrast, if there is no disputed issue of law and the question is factual, we apply an abuse of discretion standard of review." *Riverview Health Inst., L.L.C. v. Kral,* 2012-Ohio-3502, 2012 WL 3140292, ¶ 33 (8th Dist.).

*Pfeifer Farms, Inc. v. Hill*, 2024-Ohio-3057, ¶ 29-30 (3d Dist.).

**{¶27}** And, "[i]n determining whether a claim itself is frivolous under the statute, the test is whether no reasonable lawyer would have brought

the action in light of the existing law." *Id*. at ¶ 32, citing *Orbit Elecs., Inc. v. Helm Instrument Co.*, 167 Ohio App.3d 301*,* ¶ 49 (8th Dist. 2006). Moreover, "[t]his statute was 'not intended to punish mere misjudgment or tactical error,' but rather 'to chill egregious, overzealous, unjustifiable, and frivolous action.' " *Williams v. Nat'l Ass'n for the Advancement of Colored People*, 2023-Ohio-3948, ¶ 9, quoting *Thomas v. Murry*, 2021-Ohio-206, ¶ 38 (8th Dist.), citing *Turowski v. Johnson*, 70 Ohio App.3d 118 (9th Dist. 1991).

{¶28} Therefore, R.C. 2323.51 " 'addresses conduct that serves to harass or maliciously injure the opposing party in a civil action or is unwarranted under existing law and for which no good-faith argument for extension, modification, or reversal of existing law may be maintained.' " (Internal citations omitted.) *Williams* at ¶ 14, quoting *State ex rel. Haley v. Davis*, 2016-Ohio-534, ¶ 16.

B. Applicable federal law

{¶29} The Doctors in their antitrust violations claim asserted that they could raise this claim under the federal provision of Section 4 of the Clayton Act and maintained that Adena violated the federal law against monopolies pursuant to Section 2 of the Sherman Act. "Pursuant to the Clayton Act, 15 U.S.C. § 15(a), private parties may bring private actions for violations of the Sherman Act." *Static Control Components, Inc. v. Lexmark Int'l, Inc*., 697 F.3d 387, 401 (6th Cir. 2012), aff'd, 572 U.S. 118, 134 S. Ct. 1377 (2014).

> Section 2 of the Sherman Act prohibits the illegal monopolization of a market. 15 U.S.C. § 2. To bring a claim under §

2, a claimant must show " '(1) possession of monopoly power in the relevant market; and (2) the willful acquisition or maintenance of that power as distinguished from growth or development as a consequence of a superior product, business acumen or historic accident.' " *Tarrant Serv. Agency, Inc. v. Am. Standard, Inc.,* 12 F.3d 609, 613 (6th Cir.1993) (quoting *United States v. Grinnell Corp.,* 384 U.S. 563, 570–71, 86 S.Ct. 1698, 16 L.Ed.2d 778 (1966)), *cert. denied,* 512 U.S. 1221, 114 S.Ct. 2709, 129 L.Ed.2d 836 (1994).

*Id*.

**{¶30}** Further, "Section 2 prohibits three types of actions: monopolization, attempted monopolization, and a conspiracy to monopolize." *Superior Prod. P'ship v. Gordon Auto Body Parts Co.*, 784 F.3d 311, 318 (6th Cir. 2015).

A monopolization claim has two elements: "(1) the possession of monopoly power in a relevant market; and (2) the willful acquisition, maintenance, or use of that power by anti-competitive or exclusionary means as opposed to 'growth or development resulting from a superior product, business acumen, or historic accident.' " *Conwood Co. v. U.S. Tobacco Co.,* 290 F.3d 768, 782 (6th Cir.2002) (quoting *Aspen Skiing Co. v. Aspen Highlands Skiing Corp.,* 472 U.S. 585, 595–96, 105 S.Ct. 2847, 86 L.Ed.2d 467 (1985)). "An attempted monopolization [under § 2] occurs when a competitor, with a dangerous probability of success, engages in anti-competitive practices the specific design of which are, to build a monopoly or exclude or destroy competition." *Id.* at 782, 290 F.3d 768 (alteration in original) (quoting *Smith v. N. Mich. Hosps., Inc.,* 703 F.2d 942, 954 (6th Cir.1983)). . . . Finally, "for a completed monopolization claim to succeed, the plaintiff must prove a general intent on the part of the monopolist to exclude; while by contrast, to prevail on a mere attempt claim, the plaintiff must prove a specific intent to destroy competition or build a monopoly." *Conwood Co.,* 290 F.3d at 782 (internal quotation marks omitted).

*Id*.

### C. Compulsory Counterclaim

**{¶31}** The Doctors in support of their argument maintain that the inclusion of the counterclaims was required pursuant to Civ.R. 13(A), compulsory counterclaim, which provides:

A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction. But the pleader need not state the claim if (1) at the time the action was commenced the claim was the subject of another pending action, or (2) the opposing party brought suit upon his claim by attachment or other process by which the court did not acquire jurisdiction to render a personal judgment on that claim, and the pleader is not stating any counterclaim under this Rule 13.

**{¶32}** However, "a defendant cannot create jurisdiction by pleading a counterclaim that presents a federal question." *Tewarson v. Simon*, 141 Ohio App. 3d 103, 111 (9th Dist. 2001). The Ninth District Court of Appeals in *Tewarson* concluded that "while federal courts possess supplemental jurisdiction over state-law counterclaims, state courts do not have corresponding authority over claims over which federal courts have exclusive jurisdiction." *Id*. at 112.

### D. Malicious prosecution

**{¶33}** The Supreme Court of Ohio held that

[i]n order to state a cause of action for malicious civil prosecution in Ohio, four essential elements must be alleged by the plaintiff: (1) malicious institution of prior proceedings against the plaintiff by defendant, (2) lack of probable cause for the filing of the prior lawsuit, (3) termination of the prior proceedings in plaintiff's favor, and (4) seizure of plaintiff's person or property during the course of the prior proceedings.

*Robb v. Chagrin Lagoons Yacht Club, Inc.*, 1996-Ohio-189, syllabus.

**{¶34}** And malice is "the willful and intentional desire to harm another, usually seriously, through conduct which is *unlawful or unjustified.*" (Emphasis in original.) *Hill v. Schildmeyer*, 2024-Ohio-3261, ¶ 38 (1st Dist.), quoting *Morelia Group-DE, L.L.C. v. Weidman*, 2023-Ohio-386, ¶ 29 (1st Dist.). In other words,

"willful conduct involves an actor intentionally deviating from either a clear duty or rule of conduct or purposely committing wrongful acts, knowing that an injury will likely result." *Id.*

### E.  Analysis

#### i.        Antitrust violations

**{¶35}** In the matter at bar, we find that the Doctors' inclusion of the antitrust violations claim based on federal law did not rise to the level of qualifying as frivolous conduct.  In the Doctors' antitrust claim, they argued that Adena violated the Sherman Act by having the only full-service hospitals in Ross County, Fayette County, and Pike County; by making the Doctors sign a one-year non-compete agreement that included Ross County and all adjacent counties; and by Adena's conduct of purchasing land above market price when it discovered a potential competitor was about to purchase the land and build a competing facility.

**{¶36}** The question before us is not whether the Doctors demonstrated the elements of a Sherman Act violation, but rather, whether the filing of this claim in state court was frivolous conduct.  We find that it was not.

**{¶37}** We begin by noting that

> Unless Congress clearly provides otherwise, state and municipal courts enjoy concurrent jurisdiction over claims arising under federal law. *Gulf Offshore Co. v. Mobil Oil Corp.* (1981), 453 U.S. 473, 101 S.Ct. 2870, 69 L.Ed.2d 784; *California v. Arizona* (1979), 440 U.S. 59, 99 S.Ct. 919, 59 L.Ed.2d 144. Nothing in the concept of the federal system prevents state courts from enforcing rights created by federal law. *Charles Dowd Box Co. v. Courtney* (1962), 368 U.S. 502, 82 S.Ct. 519, 7 L.Ed.2d 483. The Supreme Court of Ohio has recognized that the courts of this state enjoy such power. *Herbst v. Resolution Trust Corp.* (1993), 66 Ohio St.3d 8, 607

N.E.2d 440; *Elek v. Huntington Natl. Bank* (1991), 60 Ohio St.3d 135, 573 N.E.2d 1056.

*Traver v. IRS Dep't.*, 2016-Ohio-3199, ¶ 11 (2d Dist.).

**{¶38}** In 1922, the United States Supreme Court in addressing the filing of Clayton Act and Sherman Act violation claims in state court, held that federal court had exclusive jurisdiction:

> This right to sue, however, is granted in terms which show that it is to be exercised only in a 'court of the United States.' This suit was brought in a state court, and in so far as its purpose was to enjoin a violation of the Sherman Anti-Trust Act that court could not entertain it.

*Gen. Inv. Co. v. Lake Shore & M.S. Ry. Co.*, 260 U.S. 261, 287 (1922).

**{¶39}** And in 1985, the United States Supreme Court in addressing "whether a state court judgment may have preclusive effect on a federal antitrust claim that could not have been raised in the state proceeding[,]" reiterated and held that

> Although federal antitrust claims are within the exclusive jurisdiction of the federal courts, see, *e.g., General Investment Co. v. Lake Shore & M.S.R. Co.,* 260 U.S. 261, 286–288, 43 S.Ct. 106, 116–117, 67 L.Ed. 244 (1922), the Court of Appeals ruled that the dismissal of petitioners' complaints in state court barred them from bringing a claim based on the same facts under the Sherman Act. The Court of Appeals erred by suggesting that in these circumstances a federal court should determine the preclusive effect of a state court judgment without regard to the law of the State in which judgment was rendered.
>
> . . .
>
> The fact that petitioners' antitrust claim is within the exclusive jurisdiction of the federal courts does not necessarily make § 1738 inapplicable to this case. Our decisions indicate that a state court judgment may in some circumstances have preclusive effect in a subsequent action within the exclusive jurisdiction of the federal courts.

*Marrese v. Am. Acad. of Orthopaedic Surgeons*, 470 U.S. 373, 379-380 (1985).

**{¶40}** And as we previously stated, presenting the antitrust violations claim in a counterclaim does not remove it from the exclusive jurisdiction of the federal courts.  But this alone does not demonstrate that the Doctors' inclusion of the counterclaim here was frivolous conduct.  For example, even when a claim is ultimately barred—such as by the statute of limitations—its assertion is not per se frivolous conduct.  *See Indep. Taxicab Assn. of Columbus, Inc. v. Abate*, 2008-Ohio-4070, ¶ 18 (10th Dist.) ("Accordingly, we did not hold that a complaint filed outside the statute of limitations is per se frivolous.");  *see also Stafford v. Columbus Bonding Ctr.*, 177 Ohio App. 3d 799, ¶ 13 (10th Dist. 2008) ("the filing of a claim beyond the statute of limitations does not always demand a finding of frivolous conduct.").

**{¶41}** And it is especially true here, when in 2004, the Belmont County Court of Common Pleas emphasized that

> Unlike a number of statutes in which Congress unequivocally stated that the jurisdiction of the federal courts is exclusive, the Sherman Antitrust Act contains no language that expressly confines jurisdiction to federal courts or ousts state courts of their presumptive jurisdiction. The omission of any such provision is strong and arguably sufficient, evidence that Congress had no such intent. The states and federal government share concurrent jurisdiction over antitrust claims. *Yellow Freight System, Inc. v. Donnelly* (1990), 494 U.S. 820, 110 S.Ct. 1566, 108 L.Ed.2d 834[.]

*Heritage Plastics Inc. v. Rohm & Haas Co.*, Belmont C.P. 03 CV 0113, 2004 WL 816949, *6 (Feb. 27, 2004).

**{¶42}** The matter at bar involves a complaint alleging ethical violations by the Doctors and a counterclaim with allegations of personal attacks against the Doctors and allegations of vindictive conduct by Adena.  Additionally, we must

consider an attorney's duty to zealously represent their client and make sure that their claims are preserved for the future.

**{¶43}** Therefore, it is imperative to be mindful of the federal court's application of the res judicata doctrine and the preclusion of raising future claims if they were not raised in a prior proceeding.

> "Federal courts will not consider the merits of procedurally defaulted claims, unless the petitioner demonstrates cause for the default and prejudice resulting therefrom, or that failing to review the claim would result in a fundamental miscarriage of justice. *Lundgren v. Mitchell,* 440 F.3d 754, 763 (6th Cir.2006) (citing *Wainwright v. Sykes,* 433 U.S. 72, 87, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977)). . . . [A] petitioner may procedurally default a claim by failing to raise a claim in state court, and pursue that claim through the state's "ordinary appellate review procedures." *O'Sullivan v. Boerckel,* 526 U.S. 838, 848-7, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999).

*Williams v. Anderson*, 460 F.3d 789, 805-806 (6th Cir. 2006).

**{¶44}** Moreover, as the Ninth Circuit Court of Appeals stated:

> On the other hand, if the state law cause of action is *not* preempted, then the action must be remanded to state court. Even though a federal cause of action could have been raised, the plaintiff remains the "master" of his complaint and " 'is free to ignore the federal question and pitch his claim on the state ground.' " *Salveson v. Western States Bankcard Ass'n,* 731 F.2d 1423, 1427 (9th Cir.1984) (quoting 1A Moore's Federal Practice ¶ 0.160, at 185 (2d ed. 1979) ). The plaintiff is entitled to pursue his state law cause of action in state court, despite the availability of a federal cause of action, with the *caveat* (emphasis sic.) that *failure to raise a parallel federal cause of action may result in its preclusion by the doctrine of res judicata in any future proceeding*. (Emphasis added). *See Hunter,* 746 F.2d at 640-41.

*Williams v. Caterpillar Tractor Co.,* 786 F.2d 928, 930–33 (9th Cir. 1986), *aff'd but criticized sub nom. Caterpillar Inc. v. Williams*, 482 U.S. 386, 107 S. Ct. 2425, 96 L. Ed. 2d 318 (1987).

**{¶45}** In Ohio, the legislature enacted

Ohio's antitrust statutes, known as the Valentine Act, are contained in R.C. Chapter 1331, which is entitled "Monopolies." The Valentine Act was modeled after the federal Sherman Antitrust Act, and the Supreme Court of Ohio has interpreted the Valentine Act in light of federal judicial construction of the Sherman Antitrust Act. *C.K. & J.K., Inc. v. Fairview Shopping Ctr. Corp.*, 63 Ohio St.2d 201, 204, 407 N.E.2d 507 (1980); *Johnson v. Microsoft Corp.*, 106 Ohio St.3d 278, 2005-Ohio-4985, 834 N.E.2d 791, ¶ 13.

*Aladdins Lights Inc. v. Eye Lighting Int'l*, 2017-Ohio-7229, ¶ 13 (9th Dist.).

**{¶46}** In the matter at bar, the Doctors contested the one-year non-compete provision in their employment agreement. Thus, it was reasonable for their attorneys to raise all related claims when keeping in mind the preclusion doctrine and the risk that failing to raise a claim in an earlier proceeding may foreclose later litigation.

**{¶47}** Furthermore, there was testimony from several experts at the sanctions' hearing with conflicting opinions on whether presenting the federal antitrust counterclaim was frivolous.[2] With this conflicting evidence, we conclude that the heightened standard of frivolous conduct cannot be demonstrated here. This is because "the high standard associated with R.C. 2323.51 requires that conduct be determined frivolous only if 'it is absolutely clear under the existing law that no reasonable lawyer could argue the claim.' " *State ex rel. Chrisman v. Clearcreek Twp.,* 2014-Ohio-252, ¶ 27(12th Dist.) (Fischer, J., concurring), quoting *Miller v. Miller*, 2012-Ohio-2905, ¶ 14 (5th Dist.).

**{¶48}** Accordingly, we cannot conclude that the Doctors' inclusion of the

---

[2] Adena's first expert was their attorney and their second expert solely testified as to the reasonableness of the hourly rate and Adena's attorney fees.

antitrust violations claim based on federal law in their counterclaim constitutes frivolous conduct.  The Doctors' attorneys advanced the antitrust counterclaim in good faith based on their reasonable belief that it was a compulsory counterclaim necessary to preserve their clients' rights, as failure to assert such a claim in the pending action posed a significant risk of waiver.  Additionally, the trial court's dismissal—without prejudice to refiling in federal court—was a procedural disposition that can be read as a forum-allocation ruling, not a decision on the merits of the claim.

{¶49} Moreover, as we stated previously, the finding of frivolous conduct requires more than misjudgment, tactical error, or arguments for the extension or reversal of existing law.  *See Williams v. Nat'l Ass'n for the Advancement of Colored People*, 2023-Ohio-3948, ¶ 9, 14.  Further, as the Doctors' expert, Attorney Coughlan, emphasized, once the court denied the motion for judgment on the pleadings, the attorneys were obligated under Prof.Code.R. 1.3 to proceed with prosecuting the claims on behalf of their clients.  They had no choice but to move forward, as it is their duty to prosecute claims allowed by the court.  Therefore, we do not find the conduct to be frivolous.

ii. Malicious prosecution

{¶50} Pursuant to our de novo review, we find that the Doctors' inclusion of this claim in their counterclaim did not rise to the level of being frivolous conduct that warranted sanction.  We find that the heightened frivolous conduct standard was not met here.

{¶51} The current litigation between Adena and the Doctors is the first case between the two parties.  And Adena's claims are still pending, while, several of the Doctors' claims have been dismissed after the trial court granted Adena's motion for partial summary judgment.  Therefore, the record before us is that there was no prior litigation between the parties and there has not been a ruling in the Doctors' favor.  *See Robb v. Chagrin Lagoons Yacht Club, Inc.*, 1996-Ohio-189, syllabus.  But the trial court's dismissal of the Doctors' counterclaim was without prejudice, thus, the Doctors can refile the claim.

{¶52} We find in this matter, the failure to meet all the elements does not equate to an automatic finding that the Doctors acted frivolously in including this claim.  *See Ward v. Ross*, 2025-Ohio-4425, ¶ 24 (4th Dist.) ("the dismissal of a complaint under Civ.R. 12(B)(6) [failure to state a claim upon which relief can be granted] and a finding that a complaint is frivolous are not mutually exclusive actions.").

{¶53} As we stated previously, this case involves Adena's action of terminating the Doctors within several days after the Doctors submitted their resignation with the required 120-day notice, and Adena filing the complaint alleging that the Doctors committed serious professional and contractual breaches.  The Doctors' counterclaim included many statements outlining what the Doctors claim were personal attacks they experienced by Adena's action.  And the counterclaims presented relate to these allegations of personal attack and relate to each other.  Arguably this claim of malicious prosecution aligns with

the other claims raised by the Doctors, which include, among other claims, wrongful termination, defamation, slander, tortious interference (interference with future business ventures), and frivolous litigation.

{¶54} The finding of frivolous conduct requires more than "mere misjudgment" or "tactical error," and in this case, we cannot conclude that the inclusion of this claim meets the finding that the Doctors acted overzealously and unjustifiably.  *See Williams v. Nat'l Ass'n for the Advancement of Colored People*, 2023-Ohio-3948, ¶ 9.

{¶55} Wherefore, we find that the inclusion of the antitrust violations and malicious prosecution claims in the Doctors' counterclaims was not frivolous conduct.  Therefore, we reverse the trial court's decision.

## SECOND ASSIGNMENT OF ERROR

{¶56} With our finding that the Doctors did not commit any frivolous conduct by adding as counterclaims the antitrust violations and malicious prosecution claims, we reverse the trial court's imposition of the $87,329.25 sanction.

## CONCLUSION

{¶57} We sustain the Doctors' first assignment of error and based on our decision that the Doctors did not commit frivolous conduct, the monetary sanction amount must also be vacated.

**JUDGMENT REVERSED.**

**JUDGMENT ENTRY**

It is ordered that the JUDGMENT IS REVERSED and the CAUSE IS REMANDED.  Appellee shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Ross County Common Pleas Court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Abele, J. and Hess, J.:  Concur in Judgment and Opinion.


For the Court,


BY: _____
Kristy S. Wilkin, Judge


**NOTICE TO COUNSEL**

**Pursuant to Local Rule No. 22, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**